UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM MARTIN ARDENE DECORY, Petitioner, vs. DARIN YOUNG, WARDEN; AND ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA, Respondents. | 4:19-CV-04005-RAL ORDER DISMISSING PETITION |

On January 14, 2019, Petitioner William Martin Ardene DeCory, filed a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254. Doc. 1. DeCory also requests that the court waive the filing fee. Doc. 4.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court is to screen such petitions and dismiss such petitions if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A prerequisite for filing a § 2254 petition in federal court is that the state courts had the opportunity to hear federal constitutional claims and adjudicate those claims on the merits. *See Weaver v. Bowersox*, 438 F.3d 832, 839 (8th Cir. 2006) (a petitioner's claims must be adjudicated on the merits by a state court). Accordingly, an applicant may only file a § 2254 petition once he has exhausted state court remedies for the issues presented. *See* 28 U.S.C. § 2254(b)(1)(A). A petitioner has not exhausted state court remedies if he "has the right under

the law of the State to raise, by any available procedure, the question presented." *See* 28 U.S.C. § 2254(b)(3)(c).

It is clear from the record that DeCory has not exhausted available state court remedies for his § 2254 claims and has not satisfied the exhaustion requirement of § 2254(b)(1)(A). In his petition, DeCory states that he filed a direct appeal of his conviction but later moved to dismiss his appeal. *See* Docs. 1 at 5, 9-15; 1-1 at 2. On June 30, 2016, the South Dakota Supreme Court granted DeCory's motion to dismiss his appeal. Doc. 1-1 at 1.

DeCory subsequently attempted to file a pro se appeal to the South Dakota Supreme Court. *See* Docs. 1 at 8; 1-1 at 3-4. Seventh Judicial Circuit Court Judge Robert Gusinsky then wrote DeCory a letter informing DeCory that the Court received his notice of appeal. Doc. 1-1 at 1. Judge Gusinsky informed DeCory that the time to appeal his judgment had passed and no action would be taken on his appeal. *Id.* Judge Gusinsky further informed DeCory that he previously appealed his judgment and then requested a dismissal. *Id.*

Decory has not filed a state habeas petition. *See* Doc. 1 at 7, 9-11. Thus, neither the circuit court nor the state supreme court had the opportunity to fairly consider DeCory's habeas claims, to resolve any constitutional issues, and to provide redress, if appropriate.

Federal courts must engage in a four-step analysis prior to reviewing § 2254 petitions that contain unexhausted claims. *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir. 1988).

> Federal courts must conduct a four-step analysis to determine whether a petition may be considered when its claims have not been presented to a state court. *See Laws v. Armontrout*, 834 F.2d 1401, 1412–15 (8th Cir. 1987). First, the court must determine if the petitioner fairly presented "the federal constitutional dimensions of his federal habeas corpus claim to the state courts." *Id.* at 1412. If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no "currently available, non-futile state remedies", through which the petitioner can present his claim. *Id.* If a state remedy does not exist, the court next determines whether the petitioner has demonstrated "adequate cause to excuse his failure to raise the claim in state court properly." *Id.* at 1415. If the petitioner

can show sufficient cause, the final step is to determine whether he has shown "actual prejudice to his defense resulting from the state court's failure to address the merits of the claim." *Id.* The petition must be dismissed unless the petitioner succeeds at each stage of the analysis.

*Id.*

As explained already, DeCory did not fairly present his § 2254 claims to the state courts for adjudication. This Court must then consider whether there are no available, non-futile state court remedies through which DeCory may present his unexhausted claims. " 'Only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile.' " *Id.* at 297 (quoting *Easton v. Wyrick*, 528 F.2d 477, 482 (8th Cir. 1975)). The correct inquiry focuses on whether state law has a presently-available procedure for determining the merits of the petitioner's claim, not whether the state would decide in favor of the petitioner. *Snethen v. Nix*, 736 F.2d 1241, 1245 (8th Cir. 1984).

DeCory has recourse through a state habeas action. South Dakota Codified Law § 21-27-1 provides the following:

> Any person committed or detained, imprisoned or restrained of his liberty, under any color or pretense whatever, civil or criminal, except as provided herein, may apply to the Supreme or circuit court, or any justice or judge thereof, for a writ of habeas corpus.

SDCL § 21-27-1. South Dakota Codified Law § 21-27-3.1 sets out the time period during which a state prisoner may file a state habeas petition.

> An application for relief under this chapter may be filed at any time except that proceedings thereunder cannot be maintained while an appeal from the applicant's conviction and sentence is pending or during the time within which such appeal may be perfected.

SDCL § 21-27-3.1. Thus, although DeCory dismissed his direct appeal of his judgment of conviction and the time for a direct appeal has long since passed, he still has the opportunity to

3

present the claims he makes in his § 2254 petition to the state courts by way of a state habeas petition. DeCory faces no impediment to filing such a petition. Because a non-futile state remedy is available to DeCory, he must use this remedy to exhaust his § 2254 claims before seeking federal review.

From a reading of the petition, this Court finds that "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," warranting summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Section 2254(b) provides that a petition under that section "shall not be granted" unless the applicant has exhausted all state court remedies, or unless there is either an absence of a state corrective process or "circumstances which render such process ineffective to protect the rights of the applicant." Therefore, it is

ORDERED that DeCory's § 2254 petition, Doc. 1, is dismissed without prejudice to refiling once he exhausts his state court remedies through filing a state habeas petition under SDCL § 21-27-1 and fully exhausts all such claims. It is further

ORDERED that DeCory's motion to proceed in forma pauperis, Doc. 4, is denied as moot.

DATED July 11th, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE